UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES DEAN BLOOMER, *as the surviving son and administrator of the Estate of deceased James Wright Bloomer*,

    Plaintiffs,

v.

HMG PARK MANOR OF WESTWOOD, LLC,

    Defendant.

Case No. 24-2059-JAR-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant HMG Park Manor of Westwood, LLC's Motion to Strike Paragraph 47 of Plaintiffs' Complaint. ECF No. 7. Plaintiffs[1] James Dean Bloomer, as both the surviving heir and the administrator of the Estate of James Wright Bloomer, have not responded to the Motion, and the time to do so has passed. Regardless, the Court must still deny an uncontested motion where it finds the relief requested to be inappropriate. *See United States Dep't of Lab. v. Mr. Cao's LLC*, No. 22-1165-TC-RES, 2024 WL 896198, at *7 n.5; (D. Kan. Mar. 1, 2024) (citing cases); D. Kan. Rule 7.1(c) (explaining that the court "may"—not must—grant a motion as uncontested when a party fails to respond). For the reasons explained below, the Motion is denied.

**I.    BACKGROUND**

Highly summarized, the complaint alleges that James Wright Bloomer suffered an avoidable pressure injury and urinary tract infection, which ultimately lead to his death, because

---

[1] The Court refers to "Plaintiffs," plural, because Mr. Bloom asserts claims in two separate capacities.

of the inadequate care and treatment he received from Tanglewood Nursing and Rehabilitation, a skilled nursing facility operated by Defendant HMG Park Manor of Westwood ("Defendant" for the purposes of this Order). *Id.* at 1, ¶ 1; 2, ¶ 7. The complaint alleges that Defendant and the other codefendants—Healthmark Group, LTD; HMG Healthcare, LLC; and HMG Services, LLC—acted as a joint venture or enterprise, and Plaintiffs assert claims against Defendants for wrongful death (Count I) and negligence (Count II). *See generally id.*

On April 3, 2024, Defendant moved to strike paragraph 47 of the complaint, including subparts (a) through (hh). ECF No. 7. That paragraph, which spans nearly six pages, states that "[o]n January 4, 2023, the Centers for Medicare and Medicaid Services conducted a Survey Regarding the care and treatment rendered to the resident and stated the following…" ECF No. 1 at 9, ¶ 47. The paragraph goes on to directly quote portions of the survey regarding the care and treatment of an individual known as "Resident 1," which is alleged to be the decedent. *Id.* at 9-14, ¶ 47. Defendant's three-and-a-half-page Motion asks the Court to strike that paragraph on multiple grounds addressed below. The other Defendants have not entered appearances in this case, and as previously stated, Plaintiffs did not respond to the Motion.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to "minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *United States ex rel. Schroeder v. Medtronic, Inc.*, No. 17-2060-DDC-BGS, 2024 WL 1095664, at *3 (D. Kan. Mar. 13, 2024) (quoting *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003)). However, striking allegations is a "drastic remedy," and motions to strike are disfavored. *Id.*

Courts generally "decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *John Michael Assocs., Inc. v. BlueStem Mgmt. Advisors LLC*, No. 22-2055, 2022 WL 1184447, at *2 (D. Kan. Apr. 21, 2022) (internal quotation and citation omitted); *see also* 5C, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 1382 (3d ed. Feb. 2024 update) (noting that such motions are often considered "time wasters," and that "they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action"). The party moving to strike faces a demanding burden, and any doubts are resolved in favor of the nonmoving party. *Medtronic*, 2024 WL 1095664, at *3.

Defendant argues that the survey is immaterial, impertinent, scandalous, and prejudicial because it lacks foundation, is hearsay and double-hearsay, and is inadmissible under Kan. Stat. Ann. § 39-935(d). ECF No. 7 at 1-3. The Court first addresses the Rule 12(f) categories for which Defendant moves to strike before addressing any prejudice to Defendant. *See Medtronic*, 2024 WL 1095664, at *4 (addressing prejudice separately).

### A.     Paragraph 47 is not Scandalous

Scandalous material "improperly casts a derogatory light on someone, most typically on a party to the action." *Kaufman v. Cent. RV, Inc.*, No. 21-2007-SAC-ADM, 2021 WL 809293, at *3 (D. Kan. Mar. 3, 2021). The Court strikes irrelevant allegations as scandalous "only if they degrade [the movant's] moral character, contain repulsive language, or detract from the dignity of the court." *Id.* The Court strikes relevant allegations as scandalous "only if they fall into one of those categories and also go into unnecessary detail." *Id.* (internal quotations omitted).

Defendant has not explained how the quotations from the survey, which detail the decedent's care and treatment, are scandalous under Rule 12(f).  The only basis for Defendant's request to strike is its argument that the survey is inadmissible into evidence.  However, the underlying admissibility of the survey does not demonstrate that the quoted portions of the survey improperly cast a derogatory light on Defendant, degrade its moral character, contain repulsive language, or detract from the dignity of the Court.  *Compare with D.M. ex rel. Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2018 WL 4222382, at *4 (D. Kan. Sept. 5, 2018) (striking multiple paragraphs with little relation to the medical malpractice case that were meant to embarrass—including information shared by a defendant nurse on her Facebook page, including memes referencing job dissatisfaction, memes about children, and memes about drinking).

As but one example of the type of information contained in paragraph 47, a subparagraph discusses the "Skin Breakdown Care Plan" initiated on February 17, 2022, noting that the plan required staff to notify nurses immediately of any signs of skin breakdown. ECF No. 1 at 10, ¶ 47(g).  Staff were to help with repositioning, and the resident began to use a low-air-loss mattress on February 24, 2022.  *Id.*  Staff also began use of an anti-fungal cream.  *Id.*  These types of allegations concerning the decedent's care and treatment are relevant in a wrongful death and negligence case, and Defendant has not carried its burden to show that paragraph 47 is scandalous.

### B.      Paragraph 47 is not Immaterial or Impertinent

A matter is immaterial if it has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection with that which is material." *Kaufman*, 2021 WL 809293, at *2.  "Courts in this Circuit treat this as a relevance inquiry."

4

*Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 548 (D.N.M. 2019). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Kaufman*, 2021 WL 809293, at *2 (quoting *Jenkins*, 333 F.R.D. at 548). Practically speaking, immaterial and impertinent matters overlap considerably, and courts often address them collectively. *See Jenkins*, 333 F.R.D. at 548.

### 1. The Allegations in Paragraph 47 Appear Relevant

The allegations contained in paragraph 47 do not meet the definition of an immaterial or impertinent matter. To the contrary, the allegations concern the care and treatment of the decedent, which are allegations that plainly pertain to the issues in question. Again, Defendant does not address the definition of immaterial or impertinent material in the context of Rule 12(f). It does not address the substance of the allegations or argue that they are not relevant or do not pertain to the issues in question. Instead, Defendant relies only on its contention that the survey is not admissible into evidence. But, as discussed next, this position does not support striking this paragraph.

### 2. Defendant's Evidentiary Objections do not Establish Paragraph 47 is Immaterial or Impertinent

"In deciding whether to grant a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that *no evidence* in support of the allegation would be admissible." *Thomas v. City of Aurora*, No. 20-CV-03308-LTB-NYW, 2021 WL 5068107, at *2 (D. Colo. July 30, 2021) (emphasis supplied). To be clear, the inquiry is not whether the underlying source of the material would ultimately be inadmissible but whether the pleader would be barred from offering *any* evidence in support of the allegations. *See id.* In other words, "it would make no sense to move to strike factual allegations in a complaint on the basis that the allegations were inadmissible. . . because

5

discovery may reveal sources of admissible evidence for the allegations." *Id.* (internal quotations and citation omitted).

Indeed, "[m]any allegations in the complaint may be inadmissible at trial, and pleadings are not routinely shown to the jury." *Brizuela v. City of Sparks*, No. 319CV00692MMDWGC, 2021 WL 4150936, at *11 (D. Nev. Sept. 13, 2021). Because of this, "the standards for what is admissible in evidence are quite different than the standards for what may be included in a pleading." *Id*. In general, Rule 12(f) motions are not designed to allow parties to obtain advance rulings on the admissibility of evidence. *John Michael Assocs., Inc.*, 2022 WL 1184447, at *3 (collecting cases).

As an initial matter, Defendant largely admits the information in paragraph 47 *could* be admissible in this case, noting that the conclusions offered in the survey would require a qualified expert opinion. ECF No. 7 at 3. This alone undercuts Defendant's position that the material should be stricken because "it would make no sense" to strike these types of allegations when they could be admissible into evidence based on another source. *Thomas*, 2021 WL 5068107, at *2.

Moreover, Defendant HMG Park Manor's evidentiary objections to the survey itself are not a proper basis to strike the paragraph. Turning first to Defendant's arguments regarding hearsay and foundation, judges in this district have found these types of objections to be an improper basis to strike portions of pleadings under Rule 12(f). As previously explained by the District Judge presiding over this case, "hearsay is a statement that a party offers in evidence," and because the pleader has "not attempted to enter this statement into evidence, a hearsay objection is improper." *Dolezal v. Starr Homes, LLC*, No. 2:18-CV-02524, 2019 WL 587959, at *2 (D. Kan. Feb. 13, 2019) (internal quotations and citation omitted); *see also Baxter v. Cent.*

6

*RV, Inc.*, No. 19-CV-2179-CM-TJJ, 2019 WL 2423344, at *2 n. (D. Kan. June 10, 2019) ("Defendants also argue that certain allegations should be stricken because they are inadmissible hearsay.  The Court does not consider this objection because it is not a basis upon which Rule 12(f) permits striking matter from a pleading.").  This District also has ruled that a foundation objection is not an appropriate basis to move to strike under Rule 12(f) because "[a] party need not provide foundation for a pleading, which is not in evidence, and the Court therefore rejects this argument"  *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2015 WL 8024320, at *1 n.6 (D. Kan. Dec. 4, 2015).

Although this District has not addressed whether Kan. Stat. Ann. § 39-935(d) provides a basis to strike material from a pleading pursuant to Rule 12(f), the Court concludes that on the present record it does not.  Kan. Stat. Ann. § 39-935 outlines requirements for adult care homes.  Subsection (d) addresses the admissibility of certain reports and records obtained or prepared by the Kansas Department for Aging and Disability Services ("KDADS") and states in relevant part:

> Any reports and records reviewed, obtained or prepared by the Kansas department for aging and disability services in connection with any reportable incidents referred for investigation under such risk management program, including any reports and records reflecting the results of an inspection or survey under this chapter or in accordance with the regulations, guidelines and procedures issued by the United States secretary of health and human services under Titles XVIII and XIX of the "Social Security Act," 49 Stat. 620 (1935), 42 U.S.C. § 301, as amended, shall not be admissible in any civil action under the laws of the state of Kansas unless the court determines on the record, following a hearing outside the presence of the jury, that the proffered evidence excerpted from any report, record, inspection or survey is relevant and substantially related to the plaintiff's allegations and otherwise admissible under the rules of evidence set forth in article 4, chapter 60 of the Kansas Statutes Annotated, and amendments thereto.

7

There are two problems with Defendant's reliance on Kan. Stat. Ann. § 39-935(d) as a basis to strike under Rule 12(f).  *First*, it is not clear to what extent the statute applies because Defendant has not addressed whether this state statute would impact the admissibility of evidence in federal court.  *See, e.g.*, *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870 (10th Cir. 2006) (explaining the extent to which state law may impact the federal evidentiary standards).  In the absence of any briefing on the issue, the Court declines to resolve this issue.

*Second*, even if the statute did apply, Defendant has not shown it to be a proper basis to strike paragraph 12(f).  The plain language of Kan. Stat. Ann. § 39-935(d) provides a standard for the admissibility of such reports and records.  The material must be relevant, substantially related to a plaintiff's allegations, and it must otherwise be admissible under the Kansas Rules of Evidence.  *Id.*

Defendant does not address this standard.  Defendant states that "such reports are often irrelevant," but it makes no argument as to how the cited portions of the survey lack relevance in this case. ECF No. 7 at 3.  Defendant does not address or contend that the survey is not substantially related to Plaintiffs' allegations, which it clearly is.  Instead, Defendant only argues that the survey is inadmissible.  ECF No. 7 at 3.  But even if true, as explained above, these evidentiary objections are not a proper basis to grant a motion to strike under Rule 12(f).  Defendant has not carried its burden to show that paragraph 47 is immaterial or impertinent.

### C.     Showing of Prejudice

Even if the Court found that the allegations fit into one of the categories set out in Rule 12(f)—which it does not—it is still incumbent on Defendant as the moving party to show prejudice resulting from the challenged allegations to succeed on a motion to strike.  *Medtronic*, 2024 WL 1095664, at *7 (explaining that courts usually deny motions to strike absent a showing

of prejudice). Prejudice occurs "when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *John Michael Assocs., Inc.*, 2022 WL 1184447, at *5 (internal quotations and citation omitted).

Defendant has not addressed the issue of prejudice beyond making the conclusory assertion that it is prejudiced. Defendant does not contend that the quotations from the survey confuse issues or render the complaint so lengthy and complex that it places an undue burden on Defendant in responding. Indeed, Defendant *has* responded to the pleading. It filed an answer that denies paragraph 47 and asserts the same arguments set out in this Motion. ECF No. 8 at 7, ¶ 19. Again, allegations concerning the care and treatment of the decedent are central issues in this case, and the quotations from the survey are not confusing. Defendant has failed to carry its burden to show prejudice.

In sum, Defendant has not shown that paragraph 47 is immaterial, impertinent, or scandalous under Rule 12(f), and Defendant has not shown prejudice, as discussed above. For these reasons, the Motion is denied.

**IT IS THEREFORE ORDERED** that Defendant HMG Park Manor of Westwood, LLC's Motion to Strike Paragraph 47 of Plaintiffs' Complaint, ECF No. 7, is **DENIED**.

**IT IS ORDERED.**

Dated: April 29, 2024, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

9